JOSEPH SIMCHO, APPELLEE, V. SCHOOL DISTRICT OF OMAHA, APPELLANT.

FILED JUNE 23, 1914. No. 18,551.

Intoxicating Liquors: LICENSE MONEY: FORFEITURE. Plaintiff obtained a license to sell intoxicating liquors at a designated place in the city of O. He entered upon the licensed business and continued in the trade for some time, when, under permission of the city council, he removed his saloon and business to another part of the city. The district court issued a mandamus to the council compelling it to rescind the alleged permission to remove. In the meantime another had obtained rightful possession of plaintiff's former location, which he had abandoned, and procured a license to sell liquors therein. Held, That as plaintiff had voluntarily abandoned the only place where he could lawfully sell intoxicating liquors, his license remaining in force he could not recover from the school district any part of the money paid for the license.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. Reversed.

*Carl E. Herring,* for appellant.

*Daniel Horrigan, contra.*

REESE, C. J.

This is an action instituted by plaintiff against the defendant school district for the sum of $543.64, being a part of the sum of $1,000 paid to the city of Omaha, and by said city turned over to the school district, to whom it belonged, the payment having been made for a license to sell intoxicating liquors at 914 North Sixteenth street in said city. The petition alleges the payment of the money for the license, which was issued on the 31st day of De-

cember, 1912; that plaintiff took possession of the property named, and entered upon the business of maintaining a saloon therein; that on the 11th day of March, 1913, the city council of said city, by resolution, granted plaintiff permission to remove his license to 1701 Cuming street therein, whereupon plaintiff removed his license and business to that place and proceeded to sell liquors until the 9th day of May, 1913, when said city council rescinded the resolution and ordered plaintiff to close his place of business at 1701 Cuming street, and to cease selling liquors at said place under said license; that the city council on the 12th day of June, 1913, granted a license to Wilber Wood to sell liquors at 914 North Sixteenth street, that being the identical place named in plaintiff's license, and the said Wood took possession of said premises and proceeded to operate and conduct a saloon therein under a license issued to him; that the granting of the license to Wood amounted to a cancelation and revocation of the license granted to plaintiff; that plaintiff was entitled by law and the terms of said license to the exclusive privilege of selling liquors at said 914 North Sixteenth street during the year 1913, unless the same was revoked through or in consequence of plaintiff's fault; that the action of the city council in granting the license to Wood was through no act of forfeiture of plaintiff, and he is entitled to recover back from defendant the proportionate part of the license for $1,000 for the period during which he was denied the privilege and opportunity to the use of said license. Judgment is demanded for the sum of $543.64, with costs.

Defendant filed a general demurrer to the petition. The demurrer being overruled, an answer was filed admitting the averments of the petition as to plaintiff's license, the resolution permitting the removal to 1701 Cuming street, its rescission by the council, but alleging that the rescission was pursuant to a writ of mandamus issued by the district court for Douglas county, citing the case by docket and page number. The averment of a license having been issued to Wilber Wood is admitted, but the materiality

of the allegation is denied. It is alleged that plaintiff's license is still in force, has never been canceled, and his "failure to enjoy his privileges" does not constitute grounds for an action against defendant. On filing of the answer, plaintiff moved for judgment on the pleadings. The motion was sustained and judgment rendered in favor of plaintiff for the sum of $543.64. Defendant appeals.

By the pleadings this statement of facts is established. Plaintiff applied for and received a license to maintain a saloon at 914 North Sixteenth street in Omaha. After engaging in business at that point for some time, the city council granted him permission to remove his saloon to 1701 Cuming street, which was evidently at his request. He left his former place of business and located on Cuming street. By order of the district court the permission to remove was rescinded, which left him without the apparent authority to conduct his business elsewhere than at the place named in his license. After his vacation of his place of business on North Sixteenth street, it was occupied by Wood, who obtained a license to conduct a saloon therein. The permission to remove plaintiff's saloon and his subsequent removal were in violation of law, and furnished no protection to him or his business, as section 5, ch. 50, Comp. St. 1911, requires that the license should state "the place where the liquor is to be sold," and the sale of liquor elsewhere would not be protected by the license. The removal of the saloon and the abandonment of the place of business, named in the license, was of plaintiff's own volition, and his free act. The license remained in force until the end of the license year. His error was in surrendering his possession of the number on North Sixteenth street, and allowing another to obtain rightful possession, who, under the law, might be granted a license upon a compliance with its provisions. Plaintiff, as well as the city council, was charged with knowledge of the law. Can he, after thus voluntarily abandoning the place of business named in the license as the only place where he could lawfully sell liquors, recover from the school district what he has voluntarily paid and as voluntarily rendered

unproductive?   This presents an entirely different question from those presented in the cases cited by appellee. In each one of those cases the license was canceled without the procurement or consent of the licensee, and we have uniformly held that, where he is deprived of his license by acts or circumstances over which he has no control, and without his volition, he could recover back what he has paid for a privilege which had been denied him.   To this we adhere.   But this rule can have no application where the licensee retains his license, voluntarily vacates his place of business, thus rendering his license ineffective, owing to his own act in withdrawing from the premises. If such were the law, a person could procure a license, enter upon the business, and, if the volume of trade was not satisfactory, vacate the place where he is allowed to sell, and recover back such portion of the money paid as the unexpired term of the license year bore to the whole year, which would in effect render the school district the insurer of the success of the business venture.   This is not the policy of the law.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.